UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

CARIN MILLER,                               CASE NO. 15-3240
        Plaintiff-Appellant,       ORIGINATING CASE NO.: 3:13-cv-00090-TMR

vs.

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.
        Defendants

    and

TRANS UNION, LLC
        Defendant-Appellee.

---

**DEFENDANT-APPELLEE TRANS UNION, LLC'S REPLY IN SUPPORT OF ITS [AMENDED] MOTION TO STRIKE THAT PORTION OF THE BRIEF OF APPELLANT CARIN MILLER SEEKING RELIEF IN CONNECTION WITH THE DISTRICT COURT'S DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, FOR LACK OF JURISDICTION [DOC. NO. 23]**

---

Defendant-Appellee Trans Union, LLC ("Trans Union") submits this Reply in further support of its [Amended] Motion To Strike That Portion Of The Brief Of Appellant Carin Miller [Doc. No. 18] Seeking Relief In Connection With The District Court's Denial Of Plaintiff's Motion For Summary Judgment [RE 63], For Lack Of Jurisdiction [Doc. No. 21] (the "Motion").

The Motion should be granted for the reasons stated therein and because:

1)    Appellent's seven-page response to the Motion [Doc. No. 25] (the "Response") fails to even address – much less deny – that Appellant's counsel misrepresented to Trans Union's counsel Appellent's agreement to not improperly include in this appeal the District Court's denial of Plaintiff's Summary Judgment Motion; a matter that deserves the Court's immediate attention.

2) The Response mischaracterizes Rules 27 and 28, incorrectly asserting, without offering any supporting authority, that these Rules prohibit Trans Union from submitting the Motion; when the exact opposite is true; Sixth Circuit Rule 27(d) expressly states that "[a] party may file a motion to dismiss for lack of jurisdiction." It is self-evident that if a rule of court explicitly permits the filing of a motion, then there is no blanket prohibition from filing such a motion.[1]

3) Federal Courts of Appeal often review and grant motions based upon a lack of jurisdiction, and appellees are encouraged to bring such motions prior to the completion of briefing. See, e.g., United States v. Mason, 343 F.3d 893, 894 (7th Cir. 2003) (stating Rule 27 does not specify when a motion to dismiss should be filed and that appellees are urged to move for dismissal prior to briefing being completed); see also United States v. Manning, 755 F.3d 455 (7th Cir. 2014) (stating motions to dismiss for lack of jurisdiction are favored because briefing the merits without jurisdiction is "a waste of time"); Barnett v. Cross, 893 F.2d 1336 (6th Cir. 1990) (granting motion to dismiss appeal for lack of appellate jurisdiction); United States v. Moskowitz, 702 F.3d 731 (2nd Cir. 2012); American Bank of Wage Claims v. Registry of District of Guam, 431 F.2d 1215 (9th Cir. 1970) (dismissing appeal upon motion of appellee for lack of jurisdiction).

4) Trans Union properly filed the Motion where, as described in detail in the Motion, this Court lacks jurisdiction to review or otherwise reconsider the District Court's denial of Plaintiff's Motion For Summary Judgment. Because Appellant did not address the substance of the properly filed Motion, the Motion should be granted as unopposed.

---

[1] In light of the clear legal support for the Motion identified herein and to the extent that Appellant's Motion To Reduce Trans Union's Forthcoming Brief by Ten Pages [Doc. No. 26] is not dismissed sua sponte by the Court as being contrary to the prevailing law, Trans Union also presents this Reply as a Response in Opposition to Appellant's Motion.

5)    The Response represents the continuation of a pattern of litigation abuse that Appellant began at the outset of this litigation.  See RE 106, PageID 1974-1982.  Appellant's complete litigation "strategy" in this case appears to be: 1) file a baseless claim without any evidentiary support; 2) 6 months later, attempt to manufacture a claim; 3) respond to discovery intentionally omitting the newly manufactured claim; 4) 8 months later (14 months after initiating the litigation), amend the Complaint to include the new, post-complaint created, similarly meritless claim; 4) move for summary judgment on only one claim, providing no evidence in support of any allegation; 5) abandon the initial claim but later argue that you have not (so as to force your opponent to spend time and resources addressing it); 6) respond to your opponent's motion for summary judgment by providing no evidence of any violation or damages; 7) file numerous, baseless sanctions and other motions requesting judgment in your favor as relief, winning none; and 8) file a frivolous appeal, including requesting relief outside the jurisdiction of the appellate court, simply to avoid paying sanctions below.

6)    Appellant admits that her counsel did not respond to Trans Union's June 18, 2015 email for 19 days (and counting), but claims this conduct should be excused because one of the two appellant counsel was busy for one day.  See Response, Page 3.  Although criticizing Trans Union's request for a response within 24-hours,[2] Appellant admits that she and her counsel never responded to Trans Union's email, even though eleven days passed between the June 18 email and the filing of the Motion on June 29, 2015.  Appellant's refusal to respond to Trans Union's request at any time prior to the filing of the Motion necessitates that she and her counsel be sanctioned for their behavior and that Trans Union be granted its fees in preparing the Motion and this Reply.

---

[2] Considering that the June 18, 2015 email required only a "yes" or "no" answer, that it was meant only to confirm a prior representation of Appellant's counsel and that it related to an important issue – this Court's jurisdiction – a 24-hour requested turn-around time did not seem unreasonable.

For the reasons set forth in the Motion and this Reply, Trans Union respectfully requests that this Court: 1) strike the portion of Appellant's Brief seeking relief in connection with the District Court's Order Denying Plaintiff's Motion for Summary Judgment; and 2) award Trans Union any and all other just and proper relief, including its reasonable attorneys' fees for preparing the Motion.

Respectfully submitted,

*/s/ William R. Brown*
Robert J. Schuckit, Trial Attorney (IN #15342-49)
William R. Brown, Trial Attorney (IN #26782-48)
William M. Huse, Trial Attorney (OH #0076942)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  rschuckit@schuckitlaw.com
           wbrown@schuckitlaw.com
           whuse@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **7th day of July, 2015**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Sam S. Han, Esq. <br> sam@atlantatrial.com | John A. Fischer, Esq. <br> jaf@dfattorneys.com |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **7th day of July, 2015**, properly addressed as follows:

| None. | |
|---|---|

    */s/ William R. Brown*
Robert J. Schuckit, Trial Attorney (IN #15342-49**)**
William R. Brown, Trial Attorney (IN #26782-48)
William M. Huse, Trial Attorney (OH #0076942)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  rschuckit@schuckitlaw.com
        wbrown@schuckitlaw.com
        whuse@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*